IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KASIMBEKOV KOMOLIDDIN TOHIRJANOVICH, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Petitioner, | | |
| v. | | Civil Action No. 05-CV-0994 (JDB) |
| GEORGE W. BUSH, President of the United States, *et al.*, | | |
| Respondents. | | |

**RESPONDENTS' OPPOSITION TO PETITIONER'S MOTION
FOR FACTUAL RETURNS, MEDICAL INFORMATION,
AND RECONSIDERATION OF ORDER STAYING PROCEEDINGS**

Respondents hereby oppose petitioner's motion for factual returns, medical information, and reconsideration of the Court's order staying proceedings in this case ("petitioner's motion"). Petitioner's motion raises issues previously litigated and determined in other similar cases involving detainees held at the United States Naval Base at Guantanamo Bay, Cuba ("Guantanamo"). Petitioner's motion should be denied for the same reasons discussed in many of those other cases. In particular, there is no reason for the Court to reconsider its order staying this case in light of the fact that Your Honor, as well as other Judges of the Court, have consistently stayed these habeas cases pending the appeals before the D.C. Circuit. In addition, petitioner's request for a factual return should be denied because the government should not undertake the burden of producing factual returns while the case is stayed pending guidance from the D.C. Circuit on the viability of these habeas petitions. Finally, the Court should deny petitioner's request for medical information because, like similar requests from many other

petitioners, his request is not factually or legally justified.

  **A.  The Court Should Not Reconsider its Order Staying this Case.**

Petitioner fails to offer a compelling justification for the Court to reconsider its order staying proceedings in this case pending the D.C. Circuit's resolution of related appeals in <u>In re Guantanamo Detainee Cases</u>, 355 F. Supp. 2d 443 (D.D.C. 2005), and <u>Khalid v. Bush</u>, 355 F. Supp. 2d 311 (D.D.C. 2005).  <u>See</u> Order (dkt. no. 4) (June 28, 2005).  While petitioner's counsel complain that the Court entered the stay prior to their appointment to represent petitioner and without an opposition from petitioner, <u>see</u> Petitioner's Motion at 6, no Judge of this Court who so far has addressed the issue has refused to stay any of the Guantanamo detainee cases, whether the detainees were represented by counsel or not or whether the stay motion was opposed or not.[1]  In fact, this Court recently granted a stay in <u>Al-Shabany v. Bush</u>, No. 05-CV-2029, Order (dkt. no. 11) (Nov. 17, 2005), where petitioners were represented by counsel.  For the same reasons this Court and the other Judges of this Court have stayed these cases pending the outcome of the related appeals in the D.C. Circuit, this Court should not reconsider its order staying this case.[2]

  **B.  The Court Should Not Require the Production of a Factual Return While the Case is Stayed.**

Given that the Court has stayed this case pending the outcomes of the appeals before the

---

[1] <u>See, e.g.</u>, <u>El-Mashad v. Bush</u>, No. 05-CV-270 (JR) (dkt. no. 29); <u>Al Wazan v. Bush</u>, No. 05-CV-329 (PLF) (dkt. no. 15); <u>Ameziane v. Bush</u>, No. 05-CV-392 (ESH) (dkt. no. 12); <u>Sliti v. Bush</u>, No. 05-CV-429 (RJL) (dkt. no. 5); <u>Kabir v. Bush</u>, No. 05-CV-431 (RJL) (dkt. no. 10); <u>Qayed v. Bush</u>, No. 05-CV-454 (RMU) (dkt. no. 4); <u>Al Rashaidan v. Bush</u>, No. 05-CV-586 (RWR) (dkt. no. 10); <u>Battayev v. Bush</u>, No. 05-CV-714 (RBW) (dkt. no. 12).

[2] Nor should the Court, at this time, limit the duration of the stay to the date the D.C. Circuit decides the pending appeals, as requested by petitioner.  After the Court of Appeals makes its determination, the parties and the Court will be in a better position to determine whether it is necessary to proceed, and if so, how to do so at that point.

D.C. Circuit, respondents should not be required, in the interim, to produce a factual return in this case. Petitioner's dismissive treatment of the needless expenditure of judicial and litigation resources that would result from an order requiring the submission of a factual return underestimates the burden on the government in producing a factual return and ignores the cascade effect that would follow from such an order.[3] Contrary to petitioner's suggestions, the production of a factual return in these cases requires substantial effort. Each factual return must be obtained from the Department of Defense ("DoD") and then reviewed by agencies who provided source information to DoD to ensure that information disclosed to counsel in the return is in accordance with all applicable statutes, regulations, and Executive Orders. Respondents must then prepare both a public and a classified version of the factual return for submission to the Court and counsel.

Additionally, this burden could increase exponentially because a decision to require submission of a factual return pending the resolution of the appeals in Khalid and In re Guantanamo Detainee Cases could precipitate a chain reaction — the scores of petitioners in other pending and future Guantanamo Bay detainee habeas cases, seeking parity of treatment, would likely request the Court to allow access to factual returns in those cases, perhaps even by lifting or modifying stays that have already been entered.[4] This scenario is exactly what Judge

---

[3] Respondents acknowledge that this Court has ordered the production of factual returns in other Guantanamo detainee habeas cases. See, e.g., Al Anazi v. Bush, 370 F. Supp. 2d 188, 200 (D.D.C. 2005). Respondents, nevertheless, respectfully continue to oppose such relief in this case.

[4] Presently, there are more than 170 habeas cases pending on behalf of well over 250 detainees at Guantanamo Bay; the majority of those cases and petitioners were not subject to the decisions of Judge Leon in Khalid and Judge Green in In re Guantanamo Detainee Cases.

Green aimed to avoid when she denied petitioners' motion to reconsider her order granting a stay pending appeal "in light of the substantial resources that would be expended and the significant burdens that would be incurred should this litigation go forward." See Order Denying Motion for Reconsideration of Order Granting Stay Pending Appeal in In re Guantanamo Detainee Cases (Feb. 7, 2005). Further, submission of a factual return will increase the risks of inadvertent or other disclosure or compromise of classified information. Given that the D.C. Circuit will soon determine the proper scope of these proceedings, including whether the claims of petitioner can be dismissed without reference to a specific factual return, the substantial burdens on government resources, and increased risk occasioned by a requirement to provide petitioner's counsel access to a factual return, the Court should not require the production of a factual return at this time, especially when those burdens and risks may ultimately prove unnecessary.

Though the submission of a factual return should not proceed at all at this time, a schedule for any such undertaking should be no more restrictive than is necessary. At a minimum, respondents should be given the 120-day schedule which this Court has approved for other Guantanamo detainee cases. See, e.g., Al Anazi v. Bush, 370 F. Supp. 2d 188, 200 (D.D.C. 2005) (imposing 120-day schedule to provide factual returns); Al-Shabany v. Bush, No. 05-CV-2029, Order (dkt. no. 11) (Nov. 17, 2005) (same).

For these reasons, the Court should not order the production of a factual return for petitioner in this case, and in no event should the Court require a return to be produced sooner than 120 days from the date of any such order.

### C. There is No Basis to Require Respondents to Provide Counsel with Medical Information Regarding Petitioner.

Based merely on press reports that a limited number of Guantanamo detainees are engaged in hunger strikes and on unsubstantiated allegations in a declaration regarding petitioners in separate cases, counsel for petitioner in the present case seek an order requiring respondents to provide medical information regarding petitioner's condition and whether he is participating in a hunger strike. See Petitioner's Motion at 4-6. Petitioner's counsel, however, fail to offer a sufficient factual or legal basis for the extraordinary court involvement in the conditions of petitioner's confinement that counsel seek.

This Court, as well as many other Judges of the Court, have rejected similar requests for medical information or medical records pertaining to Guantanamo detainees as part of an effort to persuade the Court to intervene in the operations of the military detention facilities at Guantanamo. In O.K. v. Bush, 344 F. Supp. 2d 44, 60-63 (D.D.C. 2004), this Court rejected a detainee's request for an order requiring an independent medical examination and production of medical records finding that petitioner had not alleged a substantive violation of a legal right and had not offered sufficient competent evidence of medical neglect. More recently, in Al-Shabany v. Bush, this Court denied a request similar to petitioner's for medical records and information arising out of concerns over hunger strikes at Guantanamo. See Al-Shabany v. Bush, No. 05-CV-2029, Memorandum Opinion at 5 (dkt. no. 12) (Nov. 17, 2005).

Additional Judges of this Court have denied preliminary injunction motions that, in part, sought medical information and records due to concerns that detainees were engaged in hunger strikes. These decisions uniformly note or rely upon the careful and humane medical care provided to detainees and petitioners' failure to demonstrate any lack of such care. On October

5, 2005, Judge Urbina denied a motion to compel immediate visits to Guantanamo, telephonic access to detainees, medical updates, and discovery of medical records in five different cases. See, e.g., Al-Oshan v. Bush, No. 05-CV-520 (RMU), Memorandum Order (dkt. no. 59). On that same day, Judge Kennedy denied a similar motion for temporary restraining order finding court intervention into the Guantanamo staff's response to hunger strikes to be inappropriate. Anam v. Bush, No. 04-CV-1194 (HHK), Memorandum and Order at 3 (dkt. no. 133). And on three different occasions, Judge Kollar-Kotelly has denied motions seeking court intervention into the treatment and confinement conditions of hunger-striking detainees, including requests for medical records and information regarding detainees' medical condition. Al Odah v. Bush, No. 02-CV-828 (CKK), Memorandum Opinion (dkt. no. 254) (Sept. 30, 2005) (denying temporary restraining order seeking judicial oversight of medical treatment of detainees, including periodic reports on medical conditions, access to detainee medical records, and telephone calls with detainees' family and counsel, and noting care provided detainees is "calibrated to preserve their health and life"); Memorandum Opinion (dkt. no. 274) (Nov. 8, 2005) (denying motion for preliminary injunction requesting same relief as prior temporary restraining order and finding that petitioners' failed to satisfy deliberate indifference test)[5]; Order (dkt. no. 276) (Nov. 10, 2005) (denying request for immediate medical evacuation of hunger-striking detainee, detailing extensive medical care provided to detainee, and concluding that petitioner's medical treatment

---

[5] In denying petitioners' motion for preliminary injunction, Judge Kollar-Kotelly relied, in part, on the Declaration of John S. Edmondson dated October 19, 2005, which details the careful and humane procedures used to feed and care for hunger-striking detainees (attached hereto as Exhibit A). Dr. Edmondson's declaration refutes the allegations contained in the Supplemental Declaration by Julia Tarver, which petitioner in the present case attached to his motion.

at Guantanamo has not been marked by deliberate indifference).

Petitioner's counsel have failed to offer any evidence that petitioner's health is in serious jeopardy. Accordingly, for the same reasons this Court and many other Judges of the Court have denied similar requests for medical information, the Court should deny petitioner's counsel's request for information regarding petitioner's medical condition.[6]

## CONCLUSION

For the reasons stated above, respondents respectfully request that petitioner's motion be denied in all respects.

Dated: November 30, 2005

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

DOUGLAS N. LETTER
Terrorism Litigation Counsel

　/s/ Edward H. White
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
ANDREW I. WARDEN
NICHOLAS J. PATTERSON
MARC A. PEREZ
EDWARD H. WHITE (D.C. Bar No. 468531)
United States Department of Justice

---

[6] Once counsel receive their security clearance and comply with the conditions set forth in the Amended Protective Order in this case, they can visit and correspond with petitioner in a privileged fashion, as provided in the Amended Protective Order.

Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents