UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KASIMBEKOV KOMOLIDDIN
TOHIRJANOVICH,

    Petitioner,

    v.

GEORGE W. BUSH, et al.,

    Respondents.

Civil Action No. 05-994 (JDB)

**MEMORANDUM OPINION & ORDER**

    Presently before the Court are two motions filed by Kasimbekov Komoliddin Tohirjanovich, who is detained by the United States at the United States Naval Station in Guantanamo Bay, Cuba ("Guantanamo") and who has challenged the legality of his confinement by a petition for a writ of habeas corpus. The first of petitioner's motions asks the Court to issue a preliminary injunction ordering respondents to provide his counsel and the Court with thirty days' notice prior to any transfer of Tohirjanovich from Guantanamo. The second motion requests that the Court take three actions: (1) compel respondents to provide petitioner's counsel with the government's factual return detailing the basis for Tohirjanovich's confinement; (2) compel respondents to provide petitioner's counsel with any information the government has relating to Tohirjanovich's medical condition; and (3) reconsider the June 28, 2005, order that stayed this case pending resolution of the appeals in In re Guantanamo Detainee Cases, 335 F. Supp. 2d 443 (D.D.C. 2005), and Khalid v. Bush, 355 F. Supp. 2d 311 (D.D.C. 2005).

    With respect to petitioner's request for a preliminary injunction, this Court has previously

considered -- and denied -- a motion by another Guantanamo detainee who sought notice prior to transfer from Guantanamo. See Al-Anazi v. Bush, 370 F.Supp. 2d 188, 193-99 (D.D.C. 2005). For the reasons stated in that opinion, the Court will deny petitioner's motion.

As for the request that respondents produce to petitioner and his counsel the factual return that the Department of Defense has compiled on Tohirjanovich, the Court again will resolve this motion in a manner consistent with its prior rulings in Guantanamo cases. Respondents argue that production of any factual returns should await the D.C. Circuit's decision in the aforementioned appeals, asserting that it would be a waste of resources to require production of factual returns before the D.C. Circuit has decided whether they are even necessary and that release of the returns creates risks of inadvertent disclosure of classified information. Nevertheless, as this Court stated in Al-Anazi, "the factual return[] appear[s] necessary for ... counsel effectively to represent petitioner[]. Indeed, even initial conversations [between counsel and client] may be very difficult without access to that basic factual information." Id. at 200. Therefore, as in Al-Anazi and other cases, the Court will require respondents to produce the factual returns to petitioner and his counsel within one hundred and twenty (120) days.

The request of petitioner's counsel for "basic medical information regarding Petitioner's condition and a simple yes or no answer to whether he is participating in [a] hunger strike," see Pet'r's. Mot. for Factual Returns, Med. Info., and Reconsideration at 5-6, also is substantially similar to motions that this Court has previously addressed in other Guantanamo cases. Consistent with the resolutions of those motions, the Court will deny petitioner's motion insofar as it seeks an order requiring respondents to produce medical records relating to petitioner. See, e.g., Al-Shabany v. Bush, No. 05-CV-2029 (D.D.C. Nov. 17, 2005) (order denying request of

petitioner's counsel for medical records relating to ongoing forced-feeding at Guantanamo); Hamlily v. Bush, No. 05-CV-0763 (D.D.C. Oct. 3, 2005) (order denying petitioner's motion for a preliminary injunction governing detainee's conditions of confinement, including medical care and nutrition); O.K. v. Bush, 344 F.Supp. 2d 44, 60-63 (D.D.C. 2004) (denying motion to compel the government to allow an independent medical evaluation of detainee and to produce detainee's medical records).

Finally, petitioner asks the Court to reconsider its earlier stay order, which suspended respondents' obligation to respond to the petition on the merits (i.e., to show cause why the petition should not be granted) but which permitted petitioner to file motions for emergency relief.  For reasons of judicial economy and avoidance of unnecessary litigation, this Court has entered stays in all of its cases involving habeas petitions by Guantanamo detainees.  See, e.g., Al-Anazi, 370 F.Supp. 2d at 199.  Other judges of this Court have done the same.  The Court sees no reason to treat this case differently.  The fact that the stay was entered while petitioner was representing himself *pro se* (that is, prior to this Court's appointment of counsel to represent petitioner) does not affect the rationale for the stay order and, therefore, the Court will deny petitioner's motion for reconsideration of the June 28, 2005, stay order.  This case will continue to be stayed pending appellate review of important issues relating to the rights of Guantanamo detainees to challenge the lawfulness of their detention.  As this Court said in Al-Anazi: "Nothing will be gained by this Court addressing issues the D.C. Circuit is about to decide, particularly since a stay would in any event be entered were petitioners to prevail before this Court on those core issues ...."  Id.

Upon consideration of the foregoing, it is this 9th day of December, 2005, hereby

**ORDERED** that petitioner's motion for a preliminary injunction is **DENIED**; it is further

**ORDERED** that petitioner's motion to compel production of government records relating to petitioner's medical condition is **DENIED**; it is further

**ORDERED** that petitioner's motion for reconsideration of this Court's June 28, 2005, stay order is **DENIED**; it is further

**ORDERED** that petitioner's motion to compel production of the government's factual return is **GRANTED**; and it is further

**ORDERED** that respondents shall transmit factual returns to the Court and to petitioner's counsel within one hundred twenty (120) days of the date of this Order.

/s/ John D. Bates
JOHN D. BATES
United States District Judge

Copies to:

Billy H. Nolas
OFFICE OF THE FEDERAL COMMUNITY DEFENDER FOR THE EASTERN DISTRICT
OF PENNSYLVANIA
601 Walnut Street, Suite 545 West
Philadelphia, PA  19106
Email: billy_nolas@fd.org

*Counsel for petitioner*


Terry Marcus Henry
UNITED STATES DEPARTMENT OF JUSTICE, CIVIL DIVISION
P.O. Box 883
20 Massachusetts Avenue, NW, Rm. 7144
Washington, DC 20044
Email: terry.henry@usdoj.gov

*Counsel for respondents*