IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KASIMBEKOV KOMOLIDDIN TOHIRJANOVICH,**<br>    Petitioner,<br><br>v.<br><br>**GEORGE W. BUSH,** *et al.*,<br>    Respondents. | CIVIL ACTION<br>(Habeas Corpus)<br><br>No.  05-cv-00994<br>JUDGE JOHN D. BATES |

**MOTION FOR RECONSIDERATION AND NOTICE
OF SUPPLEMENTAL AUTHORITY**

Petitioner filed a *Motion for Order Requiring Respondents to Provide Counsel for Petitioner and the Court with 30-days' Advance Notice of Any Intended Removal of Petitioner from Guantanamo* on November 2, 2005.  On December 9, 2005, the Court, *inter alia*, denied Petitioner's motion.  Petitioner requests reconsideration and respectfully draws the Court's attention to Fed. R. App. P. 23(a), which confirms the Court's authority to require advance notice of any intended removal of Petitioners from Guantánamo.  Rule 23(a) provides:

> Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party.

Rule 23(a) is not limited to final judgments but applies pending appellate review of any "decision" in a habeas proceeding.  The purpose of the rule is "to prevent prison officials from impeding a prisoner's attempt to obtain habeas corpus relief by physically removing the

prisoner from the territorial jurisdiction of the court in which a habeas petition is pending." Goodman v. Keohane, 663 F.2d 1044, 1047 (11th Cir. 1981); see also Jago v. U.S. Dist. Court, 570 F.2d 618, 623 (6th Cir. 1978) ("We believe that a proper understanding of the history of Rule 23 supports a conclusion that it, [like Rule 9(b)], preserves in the district judge authority to issue one or more orders regarding the custody or enlargement of a prisoner pending the review of the decision in the habeas corpus action."); Walberg v. Israel, 776 F.2d 134 (7th Cir. 1985) (ruling that Court of Appeals retains jurisdiction to enforce Fed. R. App. P. 23 while its decision is before the Supreme Court). These cases involve appeals from final judgments. The principle applies with even greater force to appeals from interlocutory orders.

By its terms, Rule 23(a) precludes Respondents from removing Petitioners from Guantánamo without authorization from this Court. *A fortiori*, Respondents must provide the Court and Petitioner's counsel with advance notice of an intended removal.

Respectfully submitted,

_____
Billy H. Nolas (DC 399275; PA 83177)
Assistant Federal Defender
Maureen Rowley (PA 33020)
Chief Federal Defender
David McColgin (PA 42963)
Supervising Appellate Assistant Federal Defender
Cristi Charpentier (PA 62055)
Shawn Nolan (PA 56535)
Mark Wilson (PA 26887)
Assistant Federal Defenders
Federal Community Defender Office for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520; (215) 928-1100

Dated: December 21, 2005

Certificate of Service

    I hereby certify that a true and correct copy of the foregoing instrument has been served via the e-filing system on the following counsel of record for respondents:

Mr. Terry Henry
Ms. Preeya M. Noronha
US DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Room 7144
Washington, DC 20530

/s/Billy H. Nolas
Billy H. Nolas

Dated:  December 21, 2005