UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KASIMBEKOV KOMOLIDDIN
TOHIRJANOVICH,

    Petitioner,

    v.

GEORGE W. BUSH, et al.,

    Respondents.

Civil Action No. 05-994 (JDB)

**MEMORANDUM OPINION & ORDER**

    Kasimbekov Komoliddin Tohirjanovich, who has petitioned for a writ of habeas corpus to challenge the legality of his confinement at the United States Naval Station in Guantanamo Bay, Cuba ("Guantanamo"), asks the Court to reconsider its order of December 9, 2005. Consistent with the Court's rulings in all other Guantanamo detainee cases, see, e.g., Al-Anazi v. Bush, 370 F.Supp. 2d 188, 193-99 (D.D.C. 2005), the December 9, 2005, order denied petitioner's motion for a preliminary injunction requiring respondents to provide his counsel and the Court with thirty days' notice prior to any transfer of Tohirjanovich from Guantanamo. Petitioner's motion for reconsideration, however, urges the Court to revisit the order in light of Rule 23(a) of the Federal Rules of Appellate Procedure, which petitioner interprets as imposing a requirement on respondents to seek approval from this Court before any transfer of custody of petitioner. For two independent reasons, discussed below, the Court denies the motion for reconsideration.

    First, petitioner has suggested no reason why the Federal Rules of Appellate Procedure

-1-

might apply in this case.  The Rule, which governs "Transfer of Custody Pending Review," provides that:

> Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party.

Fed. R. App. P. 23(a).  This case, however, is not "pending review" in any way.  Rather, it is stayed (for all purposes other than emergency motions) pending resolution of the appeals in In re Guantanamo Detainee Cases, 335 F. Supp. 2d 443 (D.D.C. 2005), and Khalid v. Bush, 355 F. Supp. 2d 311 (D.D.C. 2005), which raise important issues relating to the rights of Guantanamo detainees to challenge the lawfulness of their detention.  This case, therefore, continues to be governed by the Federal Rules of Civil Procedure, and there is no provision in those rules that is comparable to appellate Rule 23(a).

Second, even if the Court were to assume that the Federal Rules of Appellate Procedure somehow *do* apply to this case (perhaps because its stay is dependent on other appeals), this Court has previously concluded that Rule 23(a) does not apply to a situation such as the one that petitioner's motion for a preliminary injunction was concerned with -- namely, where the United States transfers an individual out of federal custody and into the custody of a foreign government. See O.K. v. Bush, 377 F. Supp. 2d 102, 116-17 (D.D.C. 2005); see also Padilla v. Hanft, No. 05-6396, slip op. at 6 (4th Cir. Dec. 21, 2005) (discussing Supreme Court Rule 36 -- the counterpart to Fed. R. App. P. 23 when a habeas case is on appeal to the United States Supreme Court[1] -- and

---

[1] Sup. Ct. Rule 36(1)-(2) ("Pending review in this Court of a decision in a habeas corpus proceeding commenced before a court, Justice, or judge of the United States, the person having

stating that "it is unclear ... whether the rule even applies in a circumstance" where the government seeks to transfer an enemy combatant from military custody into the custody of federal civilian law enforcement authorities while the detainee has a petition for certiorari pending before the Supreme Court).

      In O.K., the Court observed that the text of Rule 23(a) indicates that its focus is on technical compliance with the rule that "there is generally only one proper respondent" to a habeas petition: "the person with the ability to produce the prisoner's body before the habeas court." See 377 F. Supp. 2d at 116 (citing Rumsfeld v. Padilla, 124 S. Ct. 2711, 2717 (2004)). Rule 23(a) requires a district court to monitor compliance with this rule, even where the case is otherwise before the appellate court, to ensure that the courts remain in a position to order the respondent to produce and release the petitioner if a ruling of the appellate court -- or a later ruling of the district court -- so requires. Rumsfeld v. Padilla, 124 S. Ct. at 2717; see also Wood v. United States, 873 F. Supp. 56, 56 (W.D. Mich. 1995) ("Rule 23(a) is designed to prevent frustration of an appeal through transfer of the custody of the prisoner while the appeal is pending. This purpose is reflected in the provisions of the rule for substituting the successor custodian as a party."). Nothing in the Rule indicates a desire to extend it to situations where the United States (or a state) is transferring an individual out of federal or state custody entirely. The rule's reference to "transfer of custody to *another*," Fed. R. App. P. 23(a), is ambiguous; it might refer to "another custodian who is a federal or state official," or it might mean "another custodian,

---

custody of the prisoner may not transfer custody to another person unless the transfer is authorized under this Rule. Upon application by a custodian, the court, Justice, or judge who entered the decision under review may authorize transfer and the substitution of a successor custodian as a party.").

even if no court in the United States retains jurisdiction over the custodian." But the latter interpretation immediately runs into difficulty in the next sentence of the Rule: If a prisoner were released from federal or state custody in such a situation, there would be no "successor custodian" to substitute as a party. See Fed. R. App. P. 23(a). Moreover, that reading of the Rule would produce a curious result: Because of the absence of a comparable provision in the Federal Rules of Civil Procedure, the government would be permitted to transfer a habeas petitioner out of its custody at any point in a case except for the brief period when the case is on appeal.

      Whatever might be said for an interpretation of the Rule that encompasses the transfer of a prisoner out of federal or state custody entirely, it is implausible that Congress intended the Rule to block the movement of detainees captured in the course of ongoing military hostilities. Petitioner has pointed the Court to no evidence -- on the face of the Rule or elsewhere -- that indicates that such a use of the Rule was even within the contemplation of Congress, much less that it was Congress's intent. The interpretation of the Rule must therefore be guided by the well-settled canon of statutory interpretation that a court should not construe a statute to interfere with the province of the Executive over military affairs in the absence of a clear manifestation of congressional intent to do so. See Dep't of Navy v. Egan, 484 U.S. 518, 527 (1988) ("Unless Congress specifically has provided otherwise, courts traditionally have been reluctant to intrude upon the authority of the Executive in military and national security affairs."); William N. Eskridge, Jr. & Philip P. Frickey, Forward: Law as Equilibrium, 108 Harv. L. Rev. 26, 100 (1994) (collecting cases that recognize a "[s]uper-strong rule against congressional interference with [the] President's authority over foreign affairs and national security").

      Petitioners' reading of Rule 23(a) would transform a technical and procedural rule that

addresses the identity of the parties in a habeas proceeding into a sweeping prohibition on the transfer and release of military detainees while a case is on appeal (or, as in this case, stayed pending an appeal in another case raising similar issues).  If the military-affairs canon is to mean anything, it is that the Court cannot accomplish this transformation without clear evidence that the resulting limitations on the Executive's war powers reflect the will of Congress.  There is no such evidence in this case.  Congress has the constitutional authority to "make Rules concerning Captures on Land and Water," and were it to enact a statute within the proper bounds of its authority, it would be the role of the Court to faithfully apply those laws as written.  See U.S. Const. art. I, § 8.  It is not for the Court to write the rules of war in the interim, either by its own pen or through an overly generous interpretation of existing statutes.[2]

Upon consideration of the foregoing, it is this 22nd day of December, 2005, hereby

**ORDERED** that petitioner's motion for reconsideration of the Court's December 9, 2005, order is **DENIED**.

                                         /s/ John D. Bates
                                       JOHN D. BATES
                               United States District Judge

---

[2] The Court notes that two of the petitioners in Rasul v. Bush were released from United States custody (apparently without the prior authorization of any court) after the Supreme Court granted certiorari in that case.  The Supreme Court mentioned the release of these petitioners in a footnote in Rasul without suggesting that it posed any problems under Sup. Ct. Rule 36(1)-(2), which is nearly identical to Fed. R. App. P. 23(a).  See 124 S. Ct. 2686, 2690 n.1 (2004).

Copies to:

Billy H. Nolas
OFFICE OF THE FEDERAL COMMUNITY DEFENDER FOR THE EASTERN DISTRICT
OF PENNSYLVANIA
601 Walnut Street, Suite 545 West
Philadelphia, PA  19106
Email: billy_nolas@fd.org

    *Counsel for petitioner*


Terry Marcus Henry
UNITED STATES DEPARTMENT OF JUSTICE, CIVIL DIVISION
P.O. Box 883
20 Massachusetts Avenue, NW, Rm. 7144
Washington, DC 20044
Email: terry.henry@usdoj.gov

    *Counsel for respondents*