IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **KASIMBEKOV KOMOLIDDIN TOHIRJANOVICH,** Petitioner, | : : : : : | CIVIL ACTION (Habeas Corpus) |
| v. | : : | |
| **GEORGE W. BUSH,** *et al.*, Respondents. | : : : : | No. 05-cv-00994 (JDB) |

**PETITIONER'S RESPONSE TO RESPONDENTS'
MOTION TO STAY PRODUCTION OF FACTUAL RETURN**

**Procedural History**

Petitioner, who is a prisoner at Guantanamo Bay, sent a *pro se* request for habeas relief to the Court, which was docketed on May 18, 2005. On June 3, 2005, the government filed a *Motion to Stay Proceedings Pending Related Appeals and for Coordination ("Stay Motion")*, arguing, *inter alia*, that Petitioner was not entitled to factual returns. On June 28, 2005, this Court ordered the case stayed pending resolution of the appeals in In re Guantanamo Detainee Cases, 335 F.Supp. 2d 443 (D.D.C. 2005), and Khalid v. Bush, 355 F.Supp. 2d 311 (D.D.C. 2005), and ordered the entry of the standard protective orders previously entered in In re Guantanamo Cases, No. 02-CV-0299. Undersigned counsel was appointed to represent Petitioner on October 14, and on November 2, 2005, counsel filed an *Amended Petition for a Writ of Habeas Corpus* on behalf of Petitioner. On November 16, 2005, Petitioner, *inter alia*, requested that the Court order factual returns. On December 9, 2005, over the government's objection, the Court ordered that factual returns be provided within 120 days (by April 10,

2006). On February 2, 2006, Respondents filed a *Motion to Stay Production of Factual Return*. On February 3, 2006, this Court entered a Notice holding "in abeyance all pending motions herein filed."

## Argument

In issuing its Notice dated February 3, 2006, holding in abeyance all pending motions, this Court made quite clear its intention to preserve the status quo. For the reasons set out below, since this Court, by order dated December 9, 2005, directed the government to transmit factual returns to the Court and counsel within 120 days, the government should comply with this order regardless of the pending litigation in the District of Columbia Court of Appeals regarding the impact of the Detainee Treatment Act of 2005 ("DTA"). Counsel will be entitled to the factual returns even if the Court of Appeals were to accept the government's jurisdictional arguments, and thus there is no reason the pending litigation in the Court of Appeals should affect the government's obligation to provide the factual returns. In any event, the factual returns are necessary in order for the Petitioner and his counsel to have notice of the allegations against him and a fair opportunity to rebut those allegations.

Respondents have argued in the Circuit Court that the DTA strips the jurisdiction of all federal courts over petitions for habeas corpus relief filed by detainees at Guantanamo Bay. The government has suggested that these petitions should be converted to appeals of the Combatant Status Review Tribunals ("CSRT's"): "this Court should convert the appeals into petitions for review under section 105(e)(2) and exercise jurisdiction over these cases under that provision, which expressly applies to all pending cases (*see* § 1005(h)(2)), including these." Al Odah v. Bush, 05-5064, 05-5095-5116 (D.C. Cir.) (Government's Supplemental Brief Addressing Section 1005 of the Detainee Treatment Act of 2005) at 2. See also id. at 13-14 ("the questions

of whether the detainees have Fifth Amendment rights, and, if so, whether the CSRT process comports with those rights, raise threshold questions that will apply to *all* of the more than 200 cases pending on behalf of more than 300 Guantanamo detainees challenging the validity of their detention, which will soon be before this Court under section 1005." (Emphasis in original).

In previous pleadings in this case, the government has admitted that the factual returns "have typically consisted of records of proceedings before the Combat Status Review Tribunals." *Stay Motion* at 4. Thus, even if the Court of Appeals were to accept the government's jurisdictional argument, counsel would still be entitled to the factual returns so that counsel could effectively represent petitioner on the appeal of the CSRT. To deprive Petitioner of this primary information offends basic notions of due process and fundamental fairness.

Moreover, on February 2, 2006, the same day the government filed its *Motion to Stay Production of Factual Returns*, counsel for Petitioner received notification from Terri McPalmer, of the U.S. Navy, of the opportunity to provide input regarding Mr. Tohirjanovich for use in the process of review and consideration by the 2006 Administrative Review Boards (ARBs). The email notification indicated that such information must be received by Petitioner's counsel by February 24, 2006. Surely, the offer of such an opportunity to exchange pertinent information with the armed services cannot be reconciled with the government efforts to keep counsel in the dark. Petitioner is entitled to factual returns and this Court should not disturb its well-reasoned ruling in that regard.

There are also practical reasons for the Court to hold in abeyance the government's motion. Whether Petitioner ultimately presents his case in the District Court or the Circuit Court, he is entitled to factual returns. It would certainly be inefficient to litigate this very issue,

once again, in the Circuit Court, without the guidance of the district court, which is much better suited to deal with such matters of discovery. Indeed, the present litigation and various court orders for factual returns have been staggered over time. If the lower courts stay their orders regarding factual returns, there will simply come a time in the near future, once the higher courts rule one way or the other on the retroactivity question of the DTA, that all the factual returns will be ordered again. The government will then say that they are overburdened and cannot comply. Now is the time, while most issues are stayed, for the government to use its resources and provide these returns, which it inevitably must provide anyway.

It is certainly no undue burden for the government to provide the information ordered by the Court. As stated, the government has already indicated that the factual returns "have typically consisted of records of proceedings before the Combat Status Review Tribunals." *Stay Motion* at 4. Thus, the government has conceded that it has already organized the facts behind the charges.

Finally, it is only through the mechanism of the court ordering the government to provide factual returns that the status of non enemy combatants has come to light. Indeed, in Qassim v. Bush, __ F.Supp. __, 2005 WL 3508654 (D.D.C. 2005), the government "knew about the CSRT determination [finding of non enemy combatant status] but advised nobody," not even the court. Id. at *1. Litigation revealed this fact – litigation that demonstrated the fundamental fairness of providing the factual returns to Petitioner's counsel.

At this point, like in Qassim, counsel does not know if Mr. Tohirjanovich has been found to be a non enemy combatant. The government's position all along in these cases has been, "trust us, we'll do the right thing." In the dark, in light of the government's efforts to disturb the most rudimentary grant of information to counsel about their client, this trust is difficult to

4

muster. Mr. Tohirjanovich filed his *pro se* habeas petition ten months ago. The Court appointed us as counsel four months ago. Still, we have not been permitted to meet our client. Still, we have not even been assured that our client is receiving our correspondence. Still now, we are made to represent this man while in the dark. We should be permitted to represent our client, as this Court provisioned when it appointed us.

The bottom line is that the higher courts have only two choices regarding the applicability of the DTA to cases such as this. In either scenario, Petitioner is entitled to the factual returns. If the Act is not retroactive, as Petitioner suggests, he is entitled to the returns as ordered by this Court. If the Act is retroactive, Petitioner is entitled to the returns to litigate his appeal of the CSRT determination in the Circuit Court.

It is squarely in the Court's interest to preserve the status quo during the pendency of the higher court litigation. Indeed, this Court recognized this in its Notice filed on February 3. The only part of this litigation that is moving forward due to the Court's imposition of a stay, is counsel's attempt to develop an attorney client relationship. In its order to provide the factual returns, the Court clearly understood the essential nature of the returns for the development of that relationship. The Court reasoned that "the factual return appears necessary for counsel effectively to represent petitioner," and that "even initial conversations between counsel and client may be very difficult without access to that basic factual information." December 9, 2005 Order (dkt. no. 15) at 2 (citing Al-Anazi v. Bush, 370 F.Supp. 2d 188, 200 (D.D.C. 2005) (internal quotations omitted). Nothing has changed in this regard since the passage of the DTA.

## CONCLUSION

Mr. Tohirjanovich has personally petitioned this Court for habeas relief. He is held without charges and has alleged that he is not an enemy combatant and that there is no justifiable reason for his detention. He is entitled to be informed of the nature of the government's allegations against him. For the foregoing reasons, the Court should preserve the status quo and should let stand the order issued on December 9, 2005, directing that Respondents provide factual returns within 120 days (two proposed orders are attached).

Respectfully submitted,

/s/Billy H. Nolas
Billy H. Nolas (DC 399275; PA 83177)
Assistant Federal Defender
Maureen Rowley (PA 33020)
Chief Federal Defender
David McColgin (PA 42963)
Supervising Appellate Assistant Federal Defender
Cristi Charpentier (PA 62055)
Shawn Nolan (PA 56535)
Mark Wilson (PA 26887)
Assistant Federal Defenders
Federal Community Defender Office for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520; (215) 928-1100

Dated: February 10, 2006

Certificate of Service

I hereby certify that a true and correct copy of the foregoing instrument has been served via the e-filing system on the following counsel of record for respondents:

Mr. Terry Henry
US DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Room 7144
Washington, DC 20529-0001

/s/Billy H. Nolas
Billy H. Nolas

Dated:  February 10, 2006