**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| KASIMBEKOV KOMOLIDDIN | : | |
|    TOHIRJANOVICH, | : | **CIVIL ACTION** |
|    Petitioner, | : | **(Habeas Corpus)** |
|  | : | |
| *v.* | : | **No.  05-cv-00994 (JDB)** |
|  | : | |
| GEORGE W. BUSH, *et al.*, | : | **Expedited Consideration** |
|    Respondents. | : | **Requested** |
|  | : | |

**PETITIONER'S EMERGENCY MOTION TO MODIFY TIMING OF**
**ORDER FOR PRODUCTION OF FACTUAL RETURN**

The government has recently revealed that it would not file an appeal in Associated Press
v. Department of Defense, S.D.N.Y. Case No. 05-3941, in which the District Court ordered
production of substantial portions of the Combatant Status Review Tribunal and Administrative
Review Board Proceedings for the overwhelming majority of persons detained at Guantanamo
Bay.  Yet, the government still refuses to reveal this same information to Petitioner's security
cleared counsel.  Petitioner requests that the Court order Respondents to provide factual returns
forthwith.[1]

**Procedural History**

Petitioner sent a *pro se* request for habeas relief to the Court, which was docketed on
May 18, 2005.  On June 3, 2005, the government filed a *Motion to Stay Proceedings Pending
Related Appeals and for Coordination ("Stay Motion")*, arguing, *inter alia*, that Petitioner was
not entitled to factual returns.  On June 28, 2005, this Court ordered the case stayed pending
resolution of the appeals in In re Guantanamo Detainee Cases, 335 F.Supp. 2d 443 (D.D.C.

---

[1]Counsel learned one day ago that their requested visit was approved and are scheduled
to fly to Guantanamo on March 5.

2005), and <u>Khalid v. Bush</u>, 355 F.Supp. 2d 311 (D.D.C. 2005), and ordered the entry of the

standard protective orders previously entered in <u>In re Guantanamo Cases</u>, No. 02-CV-0299.

Undersigned counsel was appointed to represent Petitioner on October 14, and on November 2,

2005, counsel filed an *Amended Petition for a Writ of Habeas Corpus* on behalf of Petitioner.

On November 16, 2005, Petitioner, *inter alia*, requested that the Court order factual returns. On

December 9, 2005, over the government's objection, the Court ordered that  factual returns be

provided within 120 days (by April 10, 2006).  On February 2, 2006, Respondents filed a *Motion*

*to Stay Production of Factual Return*.  On February 3, 2006, this Court entered a Notice holding

"in abeyance all pending motions herein filed."  On February 10, 2006, Petitioner filed his

*Response to Respondents' Motion to Stay Production of Factual Return*.

**Argument**

This Court ordered that the government provide factual returns to counsel.  In that order,

the Court clearly recognized the importance of this information to counsel meeting with their

client for the first time.  <u>See</u> *Memorandum Opinion and Order* (filed December 9, 2005)

("Indeed, even initial conversations between counsel and client may be very difficult without

access to that basic factual information") (internal quotations omitted)  That first meeting is now

imminent.  Counsel learned on February 24 that their requested visit was approved.  Counsel are

leaving for Guantanamo on Sunday, March 5, and are scheduled to meet with Mr. Tohirjanovich

for the first time during that week.  The returns are vital to this meeting.

The government had previously indicated to the Court that providing factual returns

would create a substantial burden on Respondents.  <u>See</u> *Respondents' Opposition to Petitioner's*

*Motion for Factual Returns, Medical Information and Reconsideration of Order Staying*

*Proceedings* (filed November 30, 2005).  On this basis, the Court allowed the government 120

days to provide the returns. Now, however, things have changed. The government has

acquiesced in providing all of this information to the Associated Press by March 3. Surely, there

is no additional burden in making it also available to Petitioner's counsel in time for the meeting

with Mr. Tohirjanovich.[2]

### Conclusion

If the Associated Press is entitled to be informed of the nature of the charges against Mr.

Tohirjanovich, surely his counsel is as well. Counsel respectfully request that the Court grant his

motion and order Respondents to provide factual returns forthwith, or at least by March 2, so

that security-cleared counsel will have an opportunity to review them in the secure facility prior

to departing for Guantanamo.

Respectfully submitted,

/s/Billy H. Nolas
Billy H. Nolas (DC 399275; PA 83177)
Assistant Federal Defender
Maureen Rowley (PA 33020)
Chief Federal Defender
David McColgin (PA 42963)
Supervising Appellate Assistant Federal Defender
Cristi Charpentier (PA 62055)
Shawn Nolan (PA 56535)
Mark Wilson (PA 26887)
Assistant Federal Defenders
Federal Community Defender Office for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520; (215) 928-1100

Dated: February 25, 2006

---

[2]Respondent's have also had two and a half months since this Court's order to prepare the factual return.

Certificate of Service

I hereby certify that a true and correct copy of the foregoing instrument has been served

via the e-filing system on the following counsel of record for respondents:

Mr. Terry Henry
US DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Room 7144
Washington, DC 20529-0001

/s/Billy H. Nolas
Billy H. Nolas

Dated:  February 25, 2006