IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KASIMBEKOV KOMOLIDDIN TOHIRJANOVICH,<br><br>   Petitioner,<br><br> v.<br><br>GEORGE W. BUSH,<br>  President of the United States,<br>  *et al.,*<br><br>   Respondents. | Civil Action No. 05-CV-0994 (JDB) |

### RESPONDENTS' FACTUAL RETURN TO PETITION FOR WRIT OF HABEAS CORPUS BY PETITIONER KASIMBEKOV KOMOLIDDIN TOHIRJANOVICH AND NOTICE OF SUBMISSION OF FACTUAL RETURN UNDER SEAL

Respondents hereby submit, as explained herein, the final record of proceedings before the Combatant Status Review Tribunal pertaining to petitioner Abdul Rahman (listed in the petition as Kasimbekov Komoliddin Tohirjanovich) as a factual return to petitioner's petition for writ of habeas corpus. For the reasons explained in the record, petitioner Abdul Rahman has been determined to be an enemy combatant. Accordingly, petitioner Abdul Rahman is lawfully subject to detention pursuant to the President's power as Commander in Chief or otherwise, and is being detained.[1]

---

[1] On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), became law. The Act, among other things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba, and creates an exclusive review mechanism in the D.C. Circuit, applicable to pending cases, to address the validity of the detention of such aliens held as enemy combatants. Id. § 1005(e)(1), (h)(2). In light of this and given the new, statutory withdrawal of the Court's jurisdiction, a stay of all proceedings in this case is appropriate pending the resolution of the effect of the Act. Indeed, our understanding is that it is the sense of the Court that it wishes to

  The portion of the record suitable for public release is attached hereto.  <u>See</u> Exhibit A. The remaining portions of the record, including information that is classified or not suitable for public release, are being submitted under seal through the Court Security Officers.  One copy of the factual return is being submitted to the Court for *in camera* review.  Another copy of the factual return, containing information suitable for disclosure to counsel under seal, is being made available to petitioner's counsel who have been issued security clearances, consistent with the Protective Order.  <u>See</u> June 28, 2005 Order (applying Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba in <u>In re Guantanamo Detainee Cases</u>, No. 02-CV-0299, <u>et al.</u>, 355 F. Supp. 2d 443 (D.D.C. Nov. 8, 2004), and related orders, to this case).  Any redactions made in the factual return are explained in the declaration(s)/certification(s) submitted therewith.  Both copies of the factual return contain highlighting, explained therein, consistent with the Court's Order for Specific Disclosures Relating to Respondents' Motion to Designate as "Protected Information" Unclassified Information and Petitioners' Motion for Access to Unredacted Factual Returns, entered on December 8, 2004 by Judge Green in the coordinated cases.  Respondents have designated certain highlighted, unclassified information in the factual return as "protected information" under the Protective Order.  Pursuant to the Protective Order, once counsel for petitioner has reviewed the factual return and counsel for the parties have conferred, respondents

---

await anticipated guidance from the D.C. Circuit regarding the effect of the Act before deciding any pending motions.  Notwithstanding these developments, however, respondents hereby submit a factual return pertaining to petitioner Abdul Rahman pursuant to the Court's December 9, 2005 Order.

will file a motion requesting that the Court designate the information in the factual return as "protected" pursuant to the Protective Order.[2]

For the reasons explained in the factual return, petitioner Abdul Rahman has been determined to be an enemy combatant and is, therefore, lawfully subject to detention pursuant to the President's power as Commander in Chief or otherwise. Accordingly, the petition for writ of habeas corpus should be dismissed and the relief sought therein denied.

Dated: April 10, 2006                                Respectfully submitted,

                                                     PETER D. KEISLER
                                                     Assistant Attorney General

                                                     DOUGLAS N. LETTER
                                                     Terrorism Litigation Counsel

                                                       /s/ Preeya M. Noronha
                                                     JOSEPH H. HUNT (D.C. Bar No. 431134)
                                                     VINCENT M. GARVEY (D.C. Bar No. 127191)
                                                     TERRY M. HENRY
                                                     JAMES J. SCHWARTZ
                                                     PREEYA M. NORONHA
                                                     ROBERT J. KATERBERG
                                                     NICHOLAS J. PATTERSON
                                                     ANDREW I. WARDEN
                                                     EDWARD H. WHITE
                                                     MARC A. PEREZ
                                                     Attorneys
                                                     United States Department of Justice
                                                     Civil Division, Federal Programs Branch
                                                     20 Massachusetts Ave., N.W.
                                                     Washington, DC  20530
                                                     Tel: (202) 514-4107
                                                     Fax: (202) 616-8470

                                                     Attorneys for Respondents

---

[2] Pursuant to the Protective Order, respondents are disclosing this information to petitioner's counsel, who shall treat such information as "protected" unless and until the Court rules that the information should not be designated as "protected."