IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **KASIMBEKOV KOMOLIDDIN** <br> **TOHIRJANOVICH** <br> Guantanamo Bay Naval Station, <br>   Petitioner <br> <br>  V. <br> <br> <br> **GEORGE W. BUSH, et. al.** <br>   President of the United States <br>   The White House <br>   1600 Pennsylvania Avenue, N.W. <br>   Washington, D.C. 20500; | (HABEAS CORPUS) <br> <br> No:05-cv-00994(JDB) <br> <br> **Misc. No. 08-0444 (TFH)** |

### STATUS REPORT ON BEHALF OF
### PETITIONER KASIMBEKOV KOMOLIDDIN
### TOHIRJANOVICH

  Petitioner, KASIMBEKOV KOMOLIDDIN TOHIRJANOVICH, through undersigned counsel, hereby submits this status report pursuant to this Court's order July 11, 2008.

  A. Petitioner remains in custody at the Guantanamo Bay, N.A.S.

  B. Petitioner has been cleared for transfer.  On February 22, 2007, undersigned
    counsel received the following email:

Dear Counsel for ISN 675:

  Through either the Administrative Review Board (ARB) process or the process DOD had in place prior to ARBs, your client has been approved to leave Guantanamo, subject to the process for making appropriate diplomatic arrangements for his departure. Accordingly, my prior guidance regarding submission of materials for a 2007 ARB for your client is inapplicable to this

> detainee; he will not be receiving another ARB proceeding.
>
> As you know, such a decision does not equate to a determination that your client is not an enemy combatant, nor is it a determination that he does not pose a threat to the United States or its allies. I cannot provide you any information regarding when your client may be leaving Guantanamo as his departure is subject to ongoing discussions.

The email was signed DAVID N.COOPER, Lt. Col, USAFR, Staff Judge Advocate.

    C.    On May 18, 2005, Petitioner sent a letter which was docketed as his pro se Petition for Writ of Habeas Corpus. He wrote his letter on March 11, 2005, having been in custody for over three years.

> I, Kasimbekov Komoliddin Tohirjanovich, was captured by U.S. forces Afghanistan on May 1st 2002. At the end of 2004, I was determined as an enemy combatant. Since I don't consider myself as an enemy towards USA and its alliances, please review my case.

On November 7, 2005, an Amended Petition for Writ of Habeas Corpus was filed by undersigned counsel.

    D.    On December 9, 2005, Judge Bates granted Petitioner's motion to compel production of the government's factual return. On April 10, 2006, the government filed under seal and made available in the secure facility the factual return. It was heavily redacted. Four undersigned counsel are security cleared; two counsel are TS cleared as well. Counsel have no knowledge as to whether the government will seek to amend the factual return in this case.

    E.    Counsel has requested of DOJ via email on July 14, 2008, pursuant to this Court's Order on July 11, 2008, and with Notice to this Court on the same date, that a 30-day Notice of Transfer Order be entered forthwith. A prior motion for such an Order was denied by Judge Bates on December 9, 2005.

    F.    On March 3, 2006, Judge Bates ruled that Petitioner's case would be held in abeyance until the resolution of the jurisdictional question that was asked of and answered by the

Supreme Court of United States.  Petitioner filed on June 18, 2008 a motion with Judge Bates seeking to lift the stay and abeyance of Petitioner's habeas petition proceedings; this Motion is pending.

      G.     Petitioner was transferred to Guantanamo Bay, N.A.S. in June of 2002, at the age of 23.  He was detained in Afghanistan by various factions; ultimately, he was taken into US custody in Afghanistan as well.  He cooperated with his interviewers and interrogators and submitted a statement that remains unrebutted.  Indeed, he was cleared for transfer and remains eager and available to leave the military prison when a suitable place for him can be arranged diplomatically.

      H.     The start point of Petitioner's odyssey to Guantanamo Bay, N.A.S. begins with allegations and subsequent convictions for improper tax payments and a seemingly unrelated death of a man, possibly a police officer, in Tashkent, Uzbekistan.  Petitioner's brother and an acquaintance of the brother's had come under suspicion.  The procedural history of these prosecutions is complex and unnatural.  Fearing for his safety, the young Komol left Uzbekistan in 1999.  After a series of walks through Tajikistan and into Afghanistan, in which places he had to simply and briefly rely on others for survival at times, Komol surrendered to US Alliance Commander in northern Afghanistan after the war had begun.  In essence, he was a runaway in a dangerous place and could not return home to the (still) opaque and sometimes despotic regime in Uzbekistan.  Counsel is active in seeking a diplomatic placement for this young man in a third country; counsel welcome the development of additional elements for resettlement that a proceeding on the Writ of Habeas Corpus will generate.

      I.     To counsel's knowledge and belief, there is no plan to move this detainee from Guantanamo Bay, N.A.S.  His country of origin has continually presented itself as a place to

which it would be dangerous to return a young man, now 30 years of age, in Petitioner's circumstances. He is afraid to return to Uzbekistan despite the fact that, prior to his running away, Tashkent was the only place he had ever lived, the third child of five born to his mother and father. The place he has lived the longest since then, has been Guantanamo Bay. To the best of counsels' information and belief, the family in Tashkent has been variously detained, intimidated and pressured as result of Petitioner's status as a Guantanamo Bay detainee. For his part, Petitioner has matured in light of and despite the onerous circumstances of his confinement. He is neither an extremist or a zealot. He is a sober young man, a quick learner, anxious to live and work in peace

      J.      Petitioner intends to seek discovery in this case. The decision looking forward at this point is driven by the nature of the factual return that counsel has been able to review to date.

      K.      In light of the foregoing, Petitioner will seek a prompt hearing schedule with adequate provisions for pre-hearing litigation regarding discovery, stipulations and submissions; a reply or traverse will be considered in light of any further amendment of the return previously submitted by the government.

Respectfully submitted,

/s/Billy H. Nolas
Billy H. Nolas (DC 399275; PA 83177)
Assistant Federal Defender
Maureen Rowley (PA 33020)
Chief Federal Defender
David McColgin (PA 42963)
Supervising Appellate Assistant Federal Defender
Cristi Charpentier (PA 62055)
Shawn Nolan (PA 56535)
Matthew Lawry (PA 87221)
Mark Wilson (PA 26887)
Assistant Federal Defenders

|  |  |
|---|---|
| | Federal Community Defender Office for the |
| | Eastern District of Pennsylvania |
| | 601 Walnut Street, Suite 545 West |
| | Philadelphia, PA 19106 |
| | (215) 928-0520; (215) 928-1100 |
| Dated: July 18, 2008 | |